$400

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER DONAGHY, | : | Civil No. _____ 16 0158 |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| POLICE OFFICER EDWARD TAYLOR | : | |
| (Badge #7623) | : | |
| | : | |
| -and- | : | |
| | : | |
| POLICE OFFICER BRIAN JOHNSON | : | |
| (Badge #2575) | : | |
| | : | |
| -and- | : | |
| | : | |
| POLICE OFFICER DEON TAYLOR | : | |
| (Badge #9490) | : | |
| | : | |
| -and- | : | |
| | : | |
| THE CITY OF PHILADELPHIA, | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Christopher Donaghy, by and through his undersigned counsel, the O'Hanlon Law Firm, P.C., hereby demands a trial by jury and complains against the above-captioned Defendants as follows:

**Statement of Claim and Jurisdiction**

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution against Defendant Police Officers, in their individual capacities, and against the City of Philadelphia. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

2. It is alleged that the individual Defendant Police Officers made an unreasonable seizure of the person of Plaintiff constituting unlawful arrest and imprisonment violating Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff's Fourth and Fourteenth Amendment were violated further by a violent, unnecessary, unjustified, and excessive use of force on Plaintiff.

3. It is further alleged that these Constitutional violations were committed as a result of policies, customs, omissions, and deliberate indifference of Defendant the City of Philadelphia.

## Parties

4. Christopher Donaghy (hereinafter "Plaintiff") is a resident of Philadelphia County and a citizen of the United States and the Commonwealth of Pennsylvania.

5. Defendant Police Officers, Edward Taylor, Brian Johnson, and Deon Taylor (hereinafter "Defendant Police Officers" or "Defendant Officers"), were at all times relevant to this Complaint duly appointed and acting as police officers, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Pennsylvania and/or Defendant the City of Philadelphia.

6. Defendant the City of Philadelphia is a municipal corporation.

## Facts

7. On January 18, 2014, Plaintiff was smoking a cigarette outside a nightclub in the area of 3200 North Lee Street in Philadelphia.

8. Plaintiff was approached by several males one of whom may have been in possession of a firearm and Plaintiff's cellphone was robbed. The males fled and Defendant Officers responded because of the firearms allegation.

9. Upon responding, Defendant Police Officers handcuffed Plaintiff for no reason, thereby seizing Plaintiff and depriving Plaintiff of his liberty. Defendant Officers, primarily Defendant Edward Taylor, repeatedly punched Plaintiff in the face causing substantial injury to Plaintiff's face and head.

10. Plaintiff was then arrested for no reason and accused falsely of trying to get Defendant Taylor's firearm despite the fact that Plaintiff was in handcuffs and being repeatedly punched in the face. Plaintiff did not use any force against Defendant Officers and did not reach for any Defendant Officer firearm. Plaintiff did not pose any threat to Defendant Officers.

11. Plaintiff was transported to Temple University Hospital, Episcopal Campus, and eventually to Curran-Fromhold Correctional Facility. Plaintiff suffered serious injuries to his face and head causing fractures thereto.

12. Based on the false accusations and false paperwork of Defendant Officers, Plaintiff was charged with, *inter alia*, Aggravated Assault and Disarming Law Enforcement.

13. Plaintiff was held in Philadelphia prison custody for over a month until he posted bail on or about February 20, 2014.

14. Based upon false police paperwork and in-court lies of Defendant Officer(s), Plaintiff has been and is being prosecuted as of docket numbers MC-51-CR-0002053-2014 and CP-51-CR-0002749-2014.

15. At all times during the events described above, Defendant Police Officers were engaged in a joint venture. The individual Defendant Police Officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

16. As a direct and proximate result of the said acts of Defendant Police Officers, Plaintiff suffered the following injuries and damages:

   a. Violation of his Constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution;

   b. Loss of physical liberty resulting from unlawful arrest and imprisonment;

   c. Emotional injury;

   d. Bodily injury;

17. The actions violated the following clearly established and well-settled federal constitutional rights of Plaintiff:

   a. Freedom from unreasonable seizure and unlawful arrest and imprisonment;

   b. Freedom from excessive and unjustified use of force under color of state law;

18. Defendant the City of Philadelphia by its policies, acts, omissions, lack of supervision, and willful indifference, allows the perpetuation of the present actions complained of herein despite civil Complaints against said Defendant and the policing apparatus thereof including Defendant Police Officers. This has been caused by, *inter alia*, inadequate supervision, inadequate investigation of police complaints, and contractual negotiations with unions that lead to inadequate censure of violent and uncontrolled law enforcement officers, including Defendant Police Officers, and often leads to reinstatement following serious meritorious complaints. Excessive use of force perpetuated by the City of Philadelphia Police Department is to such a degree that same has had to seek advice from the Department of Justice and is caused by, *inter alia*, a toothless and compromised Internal Affairs Division that in no way properly investigates or censures Philadelphia police officers, such as Defendant Officers, for engaging in repeated instances of the allegations contained herein.

4

## Causes of Action

### COUNT ONE: 42 U.S.C. § 1983 – FOURTH AMENDMENT AND FOURTEENTH AMENDMENT ILLEGAL SEZIURE AND UNLAWFUL ARREST AND IMPRISONMENT AGAINST ALL DEFENDANTS

19. Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth.

20. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against all Defendants for infringing upon his Fourth Amendment rights, as incorporated via the Fourteenth Amendment, to be free from unreasonable and illegal seizure of his person and unlawful arrest and imprisonment.

21. Plaintiff was illegally seized by Defendant Police Officers, acting in concert, when he was improperly handcuffed and repeatedly punched in the face when handcuffed. Plaintiff was arrested for no reason and was then imprisoned based upon the false accusations and statements of Defendant Officers.

22. Each Defendant Police Officer had personal involvement in the infringement of Plaintiff's Fourth Amendment rights and each officer was acting under color of state law.

23. Defendant the City of Philadelphia's acts and omissions have allowed for extensive police violation of Fourth Amendment rights whereby the policing apparatuses of Defendant the City of Philadelphia harass, seize, and search innocent citizens of Pennsylvania for no meaningful legal reason. Defendant the City of Philadelphia as evidenced by Fourth Amendment civil Complaints filed against it as well as the present lack of observance of the Law, perpetuates a policy and/or system of lack of oversight that allows the policing apparatus of Defendant the City of Philadelphia to engage in willful Fourth Amendment violations. This lack

5

of oversight includes an Internal Affairs Division that rarely censures Defendant the City of Philadelphia police officers.

24. Accordingly, Plaintiff should be compensated for the violation of his Fourth Amendment rights to be free from unlawful and unreasonable seizure, arrest, and imprisonment.

## COUNT TWO: 42 U.S.C. § 1983 – FOURTH AMENDMENT AND FOURTEENTH AMENDMENT EXCESSIVE USE OF FORCE AGAINST ALL DEFENDANTS

25. Paragraphs 1 through 24 are incorporated herein by reference as though fully set forth.

26. Defendant Police Officers, acting in concert and under color of state law, attacked Plaintiff for no reason causing injuries to Plaintiff's face and head. Defendant Officers were armed, Plaintiff was unarmed and not a criminal suspect and did not threaten officers in any way, and Plaintiff was handcuffed when he was repeatedly punched in the face and head by Defendant Officers causing fractures to Plaintiff's face.

27. Plaintiff was subjected to excessive force and injury which necessitated hospital treatment. There is no justification for the force used by Defendant Police Officers against Plaintiff.

28. Defendant the City of Philadelphia's acts and omissions have allowed for extensive police violation of Fourth Amendment rights whereby the policing apparatuses of Defendant the City of Philadelphia employ excessive force upon innocent citizens of Pennsylvania for no meaningful legal reason and have necessitated Department of Justice intervention. Defendant the City of Philadelphia, as evidenced by Fourth Amendment civil Complaints filed against it as well as the present lack of observance of the Law, perpetuate a policy and/or system of lack of oversight that allows their policing apparatus of Defendant the

City of Philadelphia to engage in willful Fourth Amendment violations. This lack of oversight includes an Internal Division that rarely censures police officers even when there are serious and meritorious complaints against them.

29. Plaintiff should, therefore, be compensated for the violation of his Fourth Amendment and Fourteenth Amendment rights not to be subjected to excessive use of government/police force.

### Prayer for Relief

WHEREFORE, Plaintiff requests that this Court:

a. Award compensatory and emotional injury damages to Plaintiff and against Defendants;

b. Award costs of this action to Plaintiff;

c. Award reasonable attorneys' fees to Plaintiff;

d. Award punitive damages, where appropriate, to Plaintiff;

e. Award such other and further relief as this Court may deem appropriate.

Respectfully submitted,

The O'Hanlon Law Firm, P.C.

_____
STEPHEN T. O'HANLON, ESQUIRE

DATE: January 14, 2016

## Demand for Jury Trial

Plaintiff hereby demands a jury trial.

The O'Hanlon Law Firm, P.C.

_____
STEPHEN T. O'HANLON, ESQUIRE

DATE: January 14, 2016

The O'Hanlon Law Firm, P.C.
BY: Stephen T. O'Hanlon, Esquire
Attorney for Plaintiff
PA Bar ID # 208428
2 Penn Center, Suite 1850
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel: (267) 546-9066
Fax: (215) 567-1998
steve@ohanlonlawfirm.com

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

16-CV-158

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CHRISTOPHER DONAGHY

(b) County of Residence of First Listed Plaintiff   PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Stephen T. O'Hanlon, 2 Penn Center, 1500 JFK Blvd., Suite 1850, Philadelphia, PA 19102.  267.546.9066.

## DEFENDANTS

16  0158

EDWARD TAYLOR, BRIAN JOHNSON, DEON TAYLOR, THE CITY OF PHILADELPHIA.

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

LAW DEPARTMENT FOR THE CITY OF PHILADELPHIA.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983.

Brief description of cause:
Unlawful arrest and imprisonment and excessive force.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
700,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 01/14/2016

SIGNATURE OF ATTORNEY OF RECORD

S.T.

JAN 2016

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

16    0158

Address of Plaintiff: _c/o  O'HANLON LAW FIRM_

Address of Defendant: _c/o  LAW DEPARTMENT_

Place of Accident, Incident or Transaction: _Philadelphia, PA._
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

---

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, _STEPHEN T. O'HANLON_, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _1/14/2016_    _____    _208428_
                    Attorney-at-Law       Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _1/14/16_    _____    _208428_
                   Attorney-at-Law      Attorney I.D.#

CIV. 609 (5/2012)

JAN 1  2016

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

CHRISTOPHER DONAGHY : CIVIL ACTION
:
v. :
OFFICER EWARD TAYLOR, et al. : NO. 16 0158
:

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

1/14/2016      STEPHEN T. O'HANLON      Plaintiff DONAGHY
Date           Attorney-at-law          Attorney for
267.546.9066   215.567.1998             Steve@ohanlonlawfirm.com
Telephone      FAX Number               E-Mail Address

(Civ. 660) 10/02

JAN 14 2016